PICKETT, J.,
concurring.
hi respectfully concur in the result. I agree that the liability limits mentioned in *125 the judgment below must be corrected. I join the plurality in affirming the judgment of the trial court on the coverage issue. I do not, however, find it necessary to address the public policy arguments raised in the plurality opinion. Once we recognize the ambiguity created by the exclusions, we need go no further in the analysis.
In the original exclusion section of the policy, Exclusion 10 excludes liability coverage “[a]rising out of the ownership, maintenance, or use of any vehicle other that ‘your covered auto.’ ” Nothing in the State Conformance Endorsement would provide coverage for this accident, as it leaves intact Exclusion 10. It deletes the language “involving ‘your covered auto’ ” from Paragraph A (the liability coverage section) and changes Exclusions 5, 6, and 8. The Amendment of Policy Provision Endorsement, however, does create an ambiguity. The amendment changes paragraph 8 to read:
We do not provide liability coverage for any insured:
[[Image here]]
8. Using:
a. ‘Tour covered auto” without your express or implied permission; or
|2b. Any vehicle, other than “your covered auto”, without the express or implied permission of "the owner of such vehicle.
This paragraph creates a condition whereby there is coverage for use of a vehicle that is not “your covered auto” if there is permission to use the vehicle. It clearly conflicts with Paragraph 10. This amendment must be given effect. There is no argument that Mr. Hebert did not have permission to drive his brother’s vehicle. So, Exclusion 8(b) affords coverage while Exclusion 10 denies coverage. This is a classic ambiguity that must be resolved in favor of coverage.